United States District Court
Southern District of Texas
**ENTERED**
August 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PALMER, (SPN #01611679) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-20-1953 |
| HARRIS COUNTY, et al., Defendants. | § § § § | |

**MEMORANDUM ON DISMISSAL**

John Palmer, an inmate of the Harris County Jail ("HCJ"), sued in June 2020, alleging civil rights violations resulting from a denial of due process. Palmer, proceeding pro se and in forma pauperis, sues Harris County; the Harris County District Attorney's Office; Gilbert G. Sawtelle, IV, Assistant District Attorney for Harris County; and Lourdez Rodriguez, court-appointed defense counsel.

The threshold issue is whether Palmer's claims should be dismissed as frivolous.

**I.     Palmer's Allegations**

Palmer asserts that the prosecutor made false statements during a hearing on November 29, 2019. Specifically, the prosecutor made perjurious statements regarding the warrantless search of Palmer's room and computer. Palmer asserts that law enforcement searched his room without a warrant on March 26, 2018. He claims that Rodriguez threatened Palmer with death in Cause Number 1584989. Rodriguez allegedly said, "they are going to get you," and she told the court that more charges would be filed. Palmer mentions that inmates attacked him on four occasions between

2018 and 2019, but he states that those claims are not a part of this lawsuit. (Docket Entry No. 1, p. 7). Palmer seeks $4,000,000.00 in compensatory damages.

## II.     Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.    Discussion

### A.     The Claim Based on Prosecutorial Misconduct

Palmer seeks damages against a Harris County Assistant District Attorney for his conduct in the prosecution of the criminal case. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id*. Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Palmer complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in his

representation of the government. Defendant Sawtelle is entitled to absolute immunity from Palmer's suit, and the damages claims against him are dismissed.

### B. The Claim Based on Ineffective Assistance of Counsel

Palmer sues his court-appointed counsel. Palmer's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Palmer to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The conduct of a private person, such as Lourdez Rodriguez, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Palmer's claims against Lourdez Rodriguez for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Palmer has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Palmer's civil rights claims against Lourdez Rodriguez are DISMISSED as frivolous.

### C. The Claim Based on Municipal Liability

Palmer sues Harris County. A plaintiff claiming a constitutional violation by a county or other municipal entity must show that the violation was the result of municipal custom, policy, or practice. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009). In *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities are persons subject to lawsuits under § 1983. However, municipalities cannot be held liable on a *respondeat superior* basis. *Monell*, 436 U.S. at 690-91. Rather, for a municipality to be held liable under § 1983, the municipality itself must cause a violation of constitutional rights. "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694-95.

To state a claim for municipal liability under § 1983, a plaintiff must identify: (a) a policy maker, (b) an official policy, custom, or widespread practice, and (c) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A plaintiff must do more than identify conduct attributable to the municipality; he or she must demonstrate that the municipality itself was the "moving force" behind the injury alleged. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 404 (1997). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.*

An official policy under *Monell* is a "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to

whom the lawmakers have delegated policy-making authority." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). Alternatively, a policy may be a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett*, 735 F.2d at 862. "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). "Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Bennett*, 735 F.2d at 862.

Here, Palmer has not alleged that the violation was the result of municipal custom, policy, or practice. Palmer has not identified (a) a policy maker, (b) an official policy, custom, or widespread practice, and (c) a violation of constitutional rights whose moving force is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d at 578.

Palmer's claim against Harris County lacks merit and is DISMISSED with prejudice.

**IV.     Conclusion**

Palmer's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by John Palmer (SPN #01611679) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Palmer seeks habeas relief based on the ineffective assistance of counsel, the Court notes that a writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state

court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Palmer may challenge the ineffective assistance of counsel in a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state court remedies. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions.

The agency having custody of Palmer will continue to deduct twenty percent of each deposit made to Palmer's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this Order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)   Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on July 31, 2020.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE